IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNY ORTIZ,**

   **Plaintiff,**

**v.**

**WILLIAM J. KILQUIST, et al.,**

   **Defendants.**                                    Case No. 03-cv-11-DRH

**ORDER**

**HERNDON, District Judge:**

Now before the Court is the Report and Recommendation ("R&R") (Doc. 32) issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by Magistrate Judge Frazier, recommending Defendants' Motion for Summary Judgment (Doc. 15) be granted and further for Plaintiff's claim for injunctive relief be denied as moot.

Defendants' sought summary judgment in their favor on Plaintiff's civil rights action, filed pursuant to **42 U.S.C. § 1983**, alleging that while an pretrial detainee at Jackson County Jail, Defendants refused to allow him his prescribed medications (Doc. 1). In their Motion, Defendants argued summary judgment was appropriate because Plaintiff had failed to exhaust his administrative remedies regarding his **§ 1983** claims, that Defendants were shielded by the doctrine of qualified immunity, and that Plaintiff could not prevail on his official capacity claims (Docs. 15 & 16).

While finding that the Defendants' administrative exhaustion argument was not effective, as Defendants could not show Plaintiff failed to file a related grievance, the R&R did find that the Defendants, as government officials, were entitled to qualified immunity (Doc. 32, pp. 3-5).  Specifically, the R&R found that Plaintiff failed to show, other than by his mere allegations, that Defendants "actually knew that [P]laintiff was not receiving medication needed for treatment of serious medical ailments or that they responded to [P]laintiff's serious need for medication with deliberate indifference" (*Id*. at 5).  Additionally, the R&R found merit in Defendants' argument that Plaintiff had failed to show that an official policy caused his medications to be withheld (*Id*.).  Therefore, it was recommended that summary judgment be granted in Defendants' favor with respect to Plaintiff's Official Capacity claims (*Id*. at 5-6).

The R&R also observed that as part of the requested relief, Plaintiff sought injunctive relief in his Complaint, asking that Defendants ("Jackson County Jail staff") be enjoined from further deprivation of his proper medical care (*see* Doc. 1, p. 6 and Doc. 32, p. 6).  In this regard, the R&R recommended finding the request for injunctive relief as moot, because Plaintiff is no longer detained at Jackson County Jail, but instead is now at Menard Correctional Center (Doc. 32, p. 6).

The R&R was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service.  (*See* Doc. 32-2.)  To date, none of the parties have filed objections, and the period in which to file objections has expired.  Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need

not conduct a *de novo* review of this matter. **Thomas v. Arn, 474 U.S. 140, 149-52 (1985)**. Thus, the Court **ADOPTS** the R&R in its entirety. Defendants' Motion for Summary Judgment (Doc. 15) on Plaintiff's Complaint (Doc. 1) is hereby **GRANTED**, with summary judgment to be entered in favor of Defendants, based upon the findings of the R&R, as reiterated in this Order. Additionally, the Court **DENIES AS MOOT** Plaintiff's request for relief in his Complaint which seeks to enjoin Defendants from further depriving him of the proper medical care, as Plaintiff is no longer housed at Jackson County Jail.

    **IT IS SO ORDERED.**

    Signed this 6th day of September, 2006.

    /s/    David RHerndon
**United States District Judge**