IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNY ORTIZ,**

    **Plaintiff,**

v.

**WILLIAM J. KILQUIST, et al.,**

    **Defendants.**                                          Case No. 03-cv-11-DRH

## ORDER

**HERNDON, District Judge:**

        Now before the Court is the Report and Recommendation ("R&R") (Doc. 24) issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by Magistrate Judge Frazier, recommending that Plaintiff's Motion for Injunctive Relief[1] (Doc. 23) be denied. Under the mailbox rule, Plaintiff has filed timely objections to the R&R (Doc. 28). Therefore, because Plaintiff filed timely objections to the Report (pursuant to the extension of time he was granted and the mailbox rule), this Court must undertake *de novo* review of the objected-to portions of the Report. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject, or

---

[1] This Motion is actually a letter written by Plaintiff to the Courts presiding over three different cases Plaintiff has filed. The R&R states, and Plaintiff agrees, that although this letter was initially filed by the Clerk as a "Motion to Compel," Plaintiff's Motion (Doc. 23) is more properly construed as a Motion for Injunctive Relief (*see* Doc. 24, p. 1 and Doc. 28, p. 1).

modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id***.

Plaintiff seeks injunctive relief against a nonparty – the law librarian at Menard Correctional Center where Plaintiff is incarcerated – and asks that the Court enter an order directing this nonparty to allow Plaintiff access to the law library so that he may properly access the courts to seek redress of his grievances. Plaintiff's objections to the R&R basically restate his arguments made in his original Motion for Injunctive Relief (*see* Doc. 28). It further appears from Plaintiff's objections that he believes that the alleged denial of access to the law library prevented him from filing certain post-trial motions regarding his sentencing in another matter.

Whether or not Plaintiff has actually suffered injury based upon what is alleged in his Motion and thereafter in his objections, is not a proper matter for determination by this Court in this case. This case concerns only what has been placed in issue by Plaintiff's claims as stated in his Complaint (Doc. 1), brought pursuant to **42 U.S.C. § 1983** – they do not concern matters outside of the legal scope of those issue even if they deal tangentially with how the Plaintiff handles the research and writing of those issues. That encompasses a different case and claim completely. Moreover, his claim for injunctive relief is against a non-party to this case. If Plaintiff believes he has suffered injury by this nonparty, he must  file a

separate suit against this nonparty, as he cannot merely bootstrap this request for injunctive relief to the instant case.  Also, Plaintiff has not affirmatively stated that this alleged denial of access to the law library prevented him from adequately prosecuting his claims in this case, causing him injury.  In any event, because Defendants' Motion for Summary Judgment in this case has been granted, the Court no longer has jurisdiction in this matter to determine Plaintiff's Motion, and his need to access the law library for further prosecution of this case is now moot.

Accordingly, the Court hereby **AFFIRMS** the R&R (Doc. 24), and **DENIES** Plaintiff's Motion for Injunctive Relief (Doc. 23).

**IT IS SO ORDERED.**

Signed this 7th day of September, 2006.

/s/          David   RHerndon
**United States District Judge**