IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNY ORTIZ,**

    **Plaintiff,**

**v.**

**WILLIAM J. KILQUIST, et al.,**

    **Defendants.**                                 Case No. 03-cv-11-DRH

## ORDER

**HERNDON, District Judge:**

On September 6, 2006, the Court adopted the Report and Recommendation ("R&R") (Doc. 32) issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by Magistrate Judge Frazier, ordering that Defendants' Motion for Summary Judgment (Doc. 15) be granted and further for Plaintiff's claim for injunctive relief be denied as moot (Doc. 33). The Court noted that it was unnecessary to conduct a *de novo* review of the merits of Defendants' summary judgment motion, as none of the parties had filed objections to the R&R.[1] In accordance with the Court's Order adopting the findings of the R&R (Doc. 33), judgment was entered on September 7, 2006, in this case in favor of Defendants and against Plaintiff (Doc. 35).

---

[1] The parties had until August 22, 2006, to file their objections.

The record shows that a letter, written by Plaintiff, was filed with the Court on September 11, 2006 (Doc. 36). The letter itself is dated September 6, 2006, and explains that Plaintiff was unable to file timely objections to the R&R, or to file a motion for extension of time due to certain alleged difficulties. Thereafter, the Court has received and filed Plaintiff's Motion for Extension of Time (Doc. 37), supporting declaration (Doc. 38) and supporting memorandum (Doc. 39), all filed by the Court on September 13, 2006. Plaintiff's Motion asks for an extension of time to file objections to the R&R. However, the Motion does not give a date on the certificate of service, showing when it was mailed to opposing counsel and the Court. Additionally, the Court notes the Motion itself is dated August 26, 2006 – four days *after* the actual deadline for filing objections had passed.

While the Court considers the possibility that Plaintiff may have experienced insurmountable difficulties in filing timely objections and acknowledges the fact that Courts are typically somewhat lenient towards *pro se* plaintiffs, it cannot completely *ignore* rules and deadlines. Judgment has been entered, closing this case. As such, there is no time window to extend.

For this reason, the Court must **DENY** Plaintiff's Motion for Extension of Time (Doc. 37), finding it **MOOT**.[2]

**IT IS SO ORDERED.**

Signed this 18th day of September, 2006.

/s/     David  RHerndon
**United States District Judge**

---

[2] However, if Plaintiff truly believes that he has reasonable justification for failing to file timely objections to the R&R, believes the Court made a mistake of fact or law in its ruling of Defendants' summary judgment motion or that there is new evidence not available to the Court at the time of its decision, Plaintiff could possibly elect to file a post-judgment motion, such as one pursuant to **Federal Rule of Procedure 60(b)**.

**Rule 60 - Relief From Judgment or Order**, reads, in pertinent part

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.