IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY ORTIZ,

    Plaintiff,

v.

WILLIAM J. KILQUIST and
JEFF WHITBECK,

    Defendants.                                      Case No. 03-cv-11-DRH

## ORDER

**HERNDON, Chief Judge:**

      Before the Court is Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (Doc. 55), made pursuant to **28 U.S.C. § 1915**. Plaintiff has filed a Notice of Appeal with the United States Court of Appeals, Seventh Circuit (Doc. 50), regarding this Court's Order (Doc. 48), which denied Plaintiff's Motion for Extension of Time to File Objections to the Report and Recommendations. Pursuant to the Order (Doc. 48), the Court reinstated its previous Order (Doc. 33) adopting the Report and Recommendations ("R&R") (Doc. 32) issued by the Magistrate Judge, granting Defendants' Motion for Summary Judgment (Doc. 15). The Court also reinstated the Summary Judgment (Doc. 49) entered in favor of Defendants.

      Plaintiff filed his § 1983 Complaint (Doc. 1) *pro se*, as an inmate at a correctional facility. The R&R granted summary judgment in favor of Defendants, finding that the Defendants did not individually violate Plaintiff's due process rights

as the "evidence [did] not prove that these [D]efendants actually knew that [P]laintiff was not receiving medication needed for treatment of serious medical ailments or that they responded to [P]laintiff's serious need for medication with deliberate indifference" (Doc. 47, p. 5).  Further, the R&R found Plaintiff's official capacity claim for damages lacked merit and that his request for injunctive relief had become moot (*Id*. at 6).  Plaintiff failed to file timely objections to the R&R and thus, the Court adopted its findings, thereby granting summary judgment in favor of Defendants (Doc. 33).

Plaintiff's objections to the R&R were initially due by August 22, 2006. Plaintiff subsequently filed a Motion for Extension of Time to Prepare Objections to the R&R (Doc. 37).  The Motion, although dated August 26, 2006, leaves blank the date on its certificate of mailing, so the Court was unable to decipher when it was actually mailed.[1]  Therefore, the Court went by the date of Plaintiff's letter (Doc. 36), dated September 6, 2007, as the Court did not receive the Motion, Declaration and memorandum until after it received the letter.  Ultimately, the Court denied Plaintiff an extension of time to file objections as judgment had already been entered in the case, allowing no window of time to extend (Doc. 40, p. 3).

Plaintiff thereafter filed a Motion for Reconsideration (Doc. 44) of the Court's previous Order (Doc. 40), denying his request for an extension of time, filed pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)**.  Finding Plaintiff had

---

[1] An accompanying Declaration (Doc. 38) and supporting Memorandum (Doc. 39) had different dates of August 28, 2006 and August 31, 2006.

adequately demonstrated "excusable neglect," as to why Plaintiff was unable to timely file objections to the R&R.  Thus, on July 23, 2007, the Court vacated its prior Order and Judgment and allowed Plaintiff until August 17, 2006 to file his objections (Doc. 46).  The Order also stated that if Plaintiff failed to file timely objections or to timely move for further extension of time, the Court would reinstate its previous Order and Judgment for Defendants.  On August 21, 2007, Plaintiff mailed another Motion for Extension of Time (Doc. 47), past the August 17th deadline the Court had previously set.  Finding that Plaintiff's Motion showed he at least had access to the means of mailing a Motion on August 17th, the Court did not find his Motion to be well-taken, denied his request for further extension of time and reinstated the Order and Judgment (Doc. 48).  It is this Order (Doc. 48) from which Plaintiff now seeks leave to appeal *in forma pauperis*.

To obtain such leave, Plaintiff must adequately show his inability to pay appellate filing fees by submitting an affidavit, along with his Motion, "that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." **28 U.S.C. § 1915(a)(1);** *see also* **FED. R. APP. P. 24(a)(1)**.  Secondly, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  **28 U.S.C. § 1915(a)(3)**; *see also* **FED. R. APP. P**. **24(a)(3)**.

From reviewing Plaintiff's Prisoner Trust Fund Account Statement (Doc.

45), it appears Plaintiff has substantially complied with **§ 1915**. Although he did not provide "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the . . . notice of appeal," he did provide the Court with an *uncertified* copy of his trust fund account for the past three months. Plaintiff also wrote a note on the account statement stating:

> "The Pinckneyville administrator failed to certify! Menard administrator refused to provide me a statement even though I requested it under the state FOIA."

The account statement provided by Plaintiff, therefore, is well-taken. Upon review of Plaintiff's submitted trust fund account statement, the Court finds that Plaintiff does not possess the financial means to pay the entire filing fee up front.

The Court also finds Plaintiff's appeal is made in good faith. Plaintiff, in his Motion, provides an explanation as to why he believes he was unable to file objections by the August 17th response date set by the Court. Although the Court did not find these reasons to be sufficient to grant Plaintiff's belated motion for extension of time, the Court cannot say that Plaintiff's appeal is frivolous. Thus, the Court **GRANTS** Plaintiff's Motion to Proceed In Form Pauperis (Doc. 55), pursuant to **28 U.S.C. § 1915**.

Plaintiff also seeks the Court to grant him access to any required transcripts free of charge, or, in the alternative, to permit Plaintiff to make pro-rated, monthly payments towards these documents. The Court **DENIES** Plaintiff's request. First, there are no available transcripts on the record. Likewise, the Court will not

provide, free of charge, documents the Plaintiff already has or had in his possession.

**IT IS SO ORDERED.**

Signed this 21st day of November, 2007.

/s/      DavidRHerndon
**Chief Judge**
**United States District Court**